PER CURIAM.
 

 The Florida Bar petitioned the Court to consider proposed amendments to Rule Regulating the Florida Bar 4-7.6 (Computer-Accessed Communications). In an opinion issued on February 27, 2009, the Court declined to adopt the proposed amendments. The Florida Bar has filed a motion for rehearing.
 
 [1]
 
 We grant the motion. The opinion issued on February 27, 2009, is hereby withdrawn, and this opinion is substituted in its place.
 

 Rule 4-7.6 regulates computer-accessed attorney advertising such as websites, electronic mail, and other forms of computer-accessed communications. The Bar proposes amendments to subdivisions 4-7.6(a) (Definition); 4-7.6(b) (Internet Presence); 4-7.6(c) (Electronic Mail Communications); and 4-7.6(d) (Advertisements). The proposed amendments address changes in terminology and technology, take into account the methods the public uses to access computer advertising, recognize the vast flow of information through the Internet, and seek to provide a new approach to regulating computer-accessed attorney advertisements. The proposals are the result of dedicated study and vital debate by The Florida Bar’s Special Committee on Website Advertising Rules (Special Committee), the Advertising Task Force 2004 (Task Force), the Board of Governors’ Rules Committee, and the Board of Governors. The Court wishes to express its gratitude to The Florida Bar and its members who contributed to the development of these proposals.
 

 On January 15, 2008, the proposals were published for comment in
 
 The Florida Bar News.
 
 In the notice, the Bar directed interested parties to file their comments directly with the Court. Thereafter, on February 26, 2008, the Bar filed the proposed amendments with the Court. The Court received only one comment. After considering the proposals and the comment, holding oral argument on January 6, 2009, and examining the Bar’s motion for rehearing, the Court adopts the proposed amendments as modified herein.
 

 The history of regulating computer-accessed lawyer advertising is a study in contrasts.
 
 [2]
 
 This is most likely due to the
 
 *173
 
 nature of website advertising, which is frequently changing and often challenging to categorize. Even so, the purpose of rule 4-7.6 is to protect consumers from misleading information, provide consumers with accurate and helpful information in the selection of a lawyer, and respect lawyers’ abilities to provide information about themselves to the public. In light of this purpose, the Court intends that websites be subject to all of the substantive advertising regulations applicable to other advertising media (except the filing requirement).
 
 [3]
 

 In contrast to the Court’s intention, the proposed amendments would have permitted lawyers to provide information through computer-accessed attorney advertising about the following, which are otherwise prohibited under the lawyer advertising rules: (1) statements that characterize the quality of legal services being offered; (2) information regarding past results; and (B) testimonials. At oral argument, the Court expressed concern regarding these proposed exceptions to the established advertising rules. Existing rule 4-7.2(c)(2) plainly states that a lawyer “shall not make statements describing or characterizing the quality of the lawyer’s services in advertisements.” Also, rule 4-7.2(c)(l)(F) clearly prohibits lawyers from making advertising communications that contain “any reference to past successes or results obtained.” Rule 4-7.2(c)(l)(J) prohibits a lawyer from using testimonials.
 
 [4]
 
 Thus, when the Court previously declined to adopt the proposed amendments, the opinions stated that these established and substantive advertising rules, which protect
 
 *174
 
 the public, should apply to computer-accessed advertisements. For example, laudatory-type statements, such as “testimonials,” are extremely troubling because they have the most potential for abuse, as well as the most potential for further denigrating the justice system and the legal profession in the minds of the public. Further, it would be incongruous to propose a loosening of the advertising rules and the allowance of more self-laudatory statements (i.e., past results and testimonials), in a forum that the Bar admits it cannot adequately monitor or control.
 

 In light of the Court’s opinions, the Bar proposed in the motion for rehearing that
 

 [i]f this court intends that websites be subject to all of the substantive advertising regulations applicable to other advertising media (excepting the filing requirement), this court should amend rule 4-7.6(b) by striking the language referring to information “upon request” and adding language that websites are subject to the requirements set forth in rule 4-7.2.
 

 As we intend for the substantive advertising rules to apply to website advertising and protect the public, we modify the proposal for subdivision (b) as suggested in the Bar’s motion for rehearing.
 

 The remaining proposals address subdivisions (a), (c), and (d). These proposed amendments would update the terminology in existing subdivision (a) (Definition), (changing “homepages” and “World Wide Web” to “websites” or “Internet”). The proposal for subdivision (c) (Electronic Mail Communications) would clarify that email communications are subject to rules that regulate advertisements by traditional mail. The proposal for subdivision (d) would provide enhanced guidance by clearly stating that all other unsolicited Internet communications not specifically identified in rule 4-7.6 are governed by the advertising regulations set forth in rule 4-7.2. After considering the proposals and the Bar’s motion for rehearing, we adopt these three proposals.
 

 Accordingly, the Court adopts the amendments to the Rules Regulating the Florida Bar as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The comments are included for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2010, at 12:01 a.m.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.
 

 PERRY, J., did not participate.
 

 APPENDIX
 

 RULE 4-7.6 COMPUTER-ACCESSED COMMUNICATIONS
 

 (a) Definition. For purposes of this sub-chapter, “computer-accessed communications” are defined as information regarding a lawyer’s or law firm’s services that is read, viewed, or heard directly through the use of a computer. Computer-accessed communications include, but are not limited to, Internet presences such as home pages-or — WoNd-Wide-Web-websites, unsolicited electronic mail communications, and information concerning a lawyer’s or law firm’s services that appears on World Wide Web Internet search engine screens and elsewhere.
 

 (b) Internet Presence. All World Wide Web — websites and home-pages accessed via the Internet that are controlled or sponsored by a lawyer or law firm and that
 
 *175
 
 contain Information concerning the lawyer’s or law firm’s services:
 

 (1) shall disclose all jurisdictions in which the lawyer or members of the law firm are licensed to practice law;
 

 (2) shall disclose 1 or more bona fide office locations of the lawyer or law firm, in accordance with subdivision (a)(2) of rule 4-7.2; and
 

 (3) are considered to be information provided- upon requestsubject to the requirements of rule 4-7.2.
 

 (c) Electronic Mail Communications. A lawyer shall not send, or knowingly permit to be sent, on the lawyer’s behalf or on behalf of the lawyer’s firm or partner, an associate, or any other lawyer affiliated with the lawyer or the lawyer’s firm, an unsolicited electronic mail communication directly or indirectly to a prospective client for the purpose of obtaining professional employment unless:
 

 (1) the requirements of rule 4-7.2 and subdivisions (b)(1), (b)(2)(A), (b)(2)(D), (b)(2)(E), (b)(2)(F), (b)(2)(G), (b)(2)(H), and (b) (2) (I)r-and — (b)(2)(-J) of rule 4-7.4 are met;
 

 (2) the communication discloses 1 or more bona fide office locations of the lawyer or lawyers who will actually perform the services advertised, in accordance with subdivision (a)(2) of rule 4-7.2; and
 

 (3) the subject line of the communication states--legal-advertisementbegins with “LEGAL ADVERTISEMENT.”
 

 (d) Advertisements. All unsolicited computer-accessed communications concerning a lawyer’s or law firm’s services-, — other than those subject to subdivisions- (b) and (c)-of — this rule, not addressed by other provisions of this rule are subject to the requirements of rule 4-7.2.
 

 Comment
 

 Advances in telecommunications and computer technology allow lawyers to communicate with other lawyers, clients, prospective clients, and others in increasingly quicker and more efficient ways. Regardless of the particular technology used, however, a lawyer’s communications with prospective clients for the purpose of obtaining professional employment must meet standards designed to protect the public from false, deceptive, misleading, or confusing messages about lawyers or the legal system and to encourage the free flow of useful legal-related information to the public.
 

 The — specific—regulations—that—govern computer-accessed communications differ according- to -the-■ -particular-variety- of communication-employed. — For example, — a ■lawyeFs-I-ntemet-web-site ■ is accessed by the viewer upon the viewer’s initiative and, accordingly, the standards governing- such-communications correspond to the rules applicable to information provided to a prospective — client—at—the—prospective client’s request.
 

 In contrast, uUnsolicited electronic mail messages from lawyers to prospective clients are functionally comparable to direct mail communications and thus are governed by similar rules. Additionally, communications advertising or promoting a lawyer’s services that are posted on search engine screens or elsewhere by the lawyer, or at the lawyer’s behest, with the hope that they will be seen by prospective clients are simply a form of lawyer advertising and are treated as such by the rules.
 

 Examples of computer-accessed communications other than websites and electronic mail include pop-up advertisements and banner advertisements. As indicated by the rule, such advertisements must comply with rule 4-7.2.
 

 
 *176
 
 This rule is not triggered merely because someone other than the lawyer gratuitously links to, or comments on, a lawyer’s Internet web site website.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const.
 

 [2]
 

 . Before submitting previous proposed amendments to the Court for consideration,
 
 see In re Amendments to the Rules Regulating the Florida Bar
 
 — Advertising, 971 So.2d 763 (Fla.2007), the Task Force originally concluded that websites are distinguished from general advertising because the typical viewer would not access a lawyer's website by accident, but would be searching for that lawyer,
 
 *173
 
 a lawyer with similar characteristics, or information regarding a specific legal topic. In contrast, the Board of Governors' Citizens Forum disagreed with the Task Force and concluded that attorney websites should be subject to the same general regulations as other forms of lawyer advertising. The Citizen’s Forum reasoned that for website advertising, the public should be provided with the same protections (from false and misleading attorney advertising) that are required for more traditional methods of advertising. Thereafter, the Board voted to continue regulating websites pursuant to the general advertising regulations, except for a few specified exceptions.
 

 Afterwards, through its study, the Special Committee determined that each substantive attorney advertising regulation should apply to attorney websites, and that websites should be subject to the same regulation as other forms of media, except that websites should be exempt from the requirement that advertisements must be filed with the Bar for review. However, in December 2006, the Board voted against adopting the Special Committee’s recommendation that all substantive lawyer advertising rules apply to lawyer websites.
 

 [3]
 

 . In the previous opinion, the Court made suggestions to assist the Bar in regulating computer-accessed attorney advertising. In the Bar’s motion for rehearing, the Bar stated:
 

 The court's order made 2 suggestions regarding websites: 1) a 2 step process for lawyers to have information on a website that would qualify as information "upon request” of the prospective client; and 2) a requirement that lawyers certify that their websites comply with all advertising rules. During the course of its study, the bar considered both these options and determined not to recommend them to this court.
 

 [4]
 

 . The comment to the rule regarding testimonials states that testimonials are prohibited, "whether from clients or anyone else, because they are
 
 inherently misleading
 
 to a person untrained in the law. Potential clients are likely to infer from the testimonial that the lawyer will reach similar results in future cases.
 
 Because the lawyer cannot directly make this assertion, the lawyer is not permitted to indirectly make that assertion through the use of testimonials."
 
 (Emphasis added.)
 

 Based on The Florida Bar's statements at oral argument regarding the term “testimonial,” the Court will refer, by separate letter, a request to the Bar that it study and define "testimonial” and report back to the Court.