PER CURIAM.
The Florida Bar petitions this Court to consider proposed amendments to Subchapter 4-7 of the Rules Regulating the Florida Bar. See R. Regulating Fla. Bar 1-12.1. We have jurisdiction. See art. V, § 15, Fla. Const.
In the petition, the Bar proposes comprehensively amending existing Subchap-ter 4-7, which governs lawyer advertising, by striking all current rules and adopting new rules. The proposed rules are the result of an extensive study by The Florida Bar, which the Court requested in In re: Amendments to the Rules Regulating the Florida Bar—Advertising, 971 So.2d 763, 765 (Fla.2007). The Court directed the Bar to “undertake an additional and contemporary study of lawyer advertising, which [would] include public evaluation *610 and comments about lawyer advertising, as recommended by Mr. Bill Wagner in his written and oral comments to the Court.” Id. In the current petition, the Bar states that while studying and developing the proposals, it considered rulings by the United States Supreme Court regarding lawyer advertising and free speech, other federal court rulings, this Court’s rulings on advertising, input from attorneys and others, a Bar-sponsored survey on public attitudes about lawyer advertising, and suggestions from members of the public who serve on the Bar’s Citizens Forum. After analyzing the information, the Bar concluded that the existing lawyer advertising rules should be entirely restructured, focusing primarily on preventing the dissemination of misleading and unduly manipulative information. Therefore, the Bar developed these proposals to replace the current advertising rules. The proposals are designed to make the advertising rules more cohesive, easier for lawyers who advertise to understand, and less cumbersome for the Bar to apply and enforce.
The proposals were approved by The Florida Bar Board of Governors. Formal notice of the proposed amendments was published in The Florida Bar News. Several changes were made to the proposals in response to the comments received by the Bar. The Bar published a notice of filing the proposals with the Court and filed the proposals on July 5, 2011. Thereafter, the Bar filed a motion to amend the pending proposals, which the Court granted. The amended proposals were published for comment in the April 1, 2012, issue of The Florida Bar News. Comments were filed with the Court, which the Court has considered.
The Bar has proposed striking all rules in existing Subchapter 4-7 and replacing those rules with the new advertising rules proposed in the petition. With two modifications, we adopt the new rules, as proposed.
First, we delete existing rules 4-7.1 through 4-7.10 and replace them with new rules, which will be renumbered as explained below. The Bar suggests numbering the new rules 4-7.1 through 4-7.13. We disapprove the suggested numbering scheme. Because the new rules are substantially different from the current rules, use of the same rule numbers could create confusion in case law for many years. Therefore, for existing precedent to be understood and applied in future cases, we number the new rules as follows: 4-7.11 (Application of Rules); 4-7.12 (Required Content); 4-7.13 (Deceptive and Inherently Misleading Advertisements); 4-7.14 (Potentially Misleading Advertisements); 4-7.15 (Unduly Manipulative or Intrusive Advertisements); 4-7.16 (Presumptively Valid Content); 4-7.17 (Payment for Advertising and Promotion); 4-7.18 (Direct Contact with Prospective Clients); 4-7.19 (Evaluation of Advertisements); 4-7.20 (Exemptions From the Filing and Review Requirement); 4-7.21 (Firm Names and Letterhead); 4-7.22 (Lawyer Referral Services); and 4-7.23 (Lawyer Directory). See generally In re Amendments to the Florida Rules of Judicial Admin. — Reorganization of the Rules, 939 So.2d 966 (Fla.2006) (reorganizing portions of the Florida Rules of Judicial Administration).
Second, we modify proposed new rule 4-7.13(b)(10) regarding the use of a judicial, executive, or legislative branch title by a current, former, or retired judicial, executive, or legislative branch official who is currently engaged in the practice of law. We have determined that the use of such a title is not inherently misleading if it is accompanied by clear modifiers and the title is placed subsequent to the person’s name. For example, a former judge may *611 not state “Judge Doe (retired)” or “Judge Doe, former circuit judge.” However, she may state “Jane Doe, Florida Bar member, former circuit judge” or “Jane Doe, retired circuit judge.” We have modified the proposal and the accompanying comment accordingly.
Next, we address a concern expressed by commenters regarding the proposed requirement in new rules 4-7.18 and 4-7.14 that certain statements made in attorney advertisements must be “objectively verifiable.” Commenters assert that this requirement is unclear. We disagree. If the attorney can show, by objective facts, that the statement is true, then he has presented an objectively verifiable statement in the advertisement. On the other hand, making a subjective statement such as “the best trial lawyer in Florida” is a misleading statement that fails to meet the requirement because it is neither objective nor verifiable. The advertising statement must be supported by verifiable facts.
Further, some commenters argue that the Bar could unfairly “prove” that an attorney violated the requirement of “objectively verifiable” statements, if the Bar examined the statement by relying completely on sources other than the attorney. Under this line of reasoning, the attorney supposedly could be found guilty of violating this advertising requirement even though that attorney was not provided with an opportunity to explain the supporting objective facts to the Bar. This argument is misguided. The attorney and Bar counsel could confer about the statement in question and discuss whether there are objective facts which show the statement is true. Also, if the advertising statement eventually results in a disciplinary proceeding, the Bar has the burden of proving that the statement is false or not objectively verifiable. The attorney would have an opportunity to defend him or herself, provide supporting facts, and present arguments in the disciplinary proceeding. Discipline cannot be imposed unless the Bar carries its burden. Thus, we find the proposed requirement reasonable.
Accordingly, we delete all rules in existing Subchapter 4-7 of the Rules Regulating the Florida Bar, including the amendments adopted in In re: Amendments to the Rules Regulating the Florida Bar— Rule 1-7.6, Computer Accessed Communications, 24 So.3d 172 (Fla.2009). We adopt new advertising rules as reflected in the appendix to this opinion. The comments are offered for explanation and guidance only and are not adopted as an official part of the rules. These amendments shall become effective on May 1, 2013, at 12:01 a.m.
It is so ordered.
POLSTON, C.J., and LEWIS, LABARGA, and PERRY, JJ., concur.
QUINCE, J., concurs in part and dissents in part.
PARIENTE, J., dissents with an opinion.
CANADY, J., dissents with an opinion.